Edmonds, J.
 

 (Dissenting.)
 
 — It was conceded in the court below, both at general and special term, that the decision of the surrogate admitting the will to probate was not conclusive. This was correct, for the act of 1837, controlling the revised statutes in that respect, and removing all doubts, if there were any, allows the probate of a will of personal, as well as of real estate, to be repelled by contrary proof. But the doubt which rested in the mind of the general term, and which produced its decision, was, whether it is competent for this court to pass on the validity of a will of personal estate, or rather, whether it is competent for this court to entertain jurisdiction of a bill filed for that purpose ?
 

 And it seems to me, that the error was in supposing’ the bill filed for that purpose. The object of the bill was, to reach a fund held in trust for the- debtor, the legal title to which was in Van Valkenburgh, but the beneficial interest in the debtor, either absolutely ás heir,-or for life, if held under the devise in the will. In one capacity or • the other, he certainly had an interest, and the complainant in this suit, as receiver, filed his bill to reach that interest. If that, interest should-be
 
 *189
 
 conceded on all hands to be merely for life, and only as devisee, still this suit was properly brought to reach it in the hands of the trustee. In such case, the questions might arise, whether it was a trust-fund which, under the statute, was exempt from the operation of a creditor’s bill; and whether, if it was, the claim to its exemption did not belong solely to the debtor, and whether, by the nature of the assignment which he executed, he did not relinquish the exemption? If, on the other hand, it was claimed, that the fund belonged absolutely to the debtor, and that he was seised by inheritance, and not by devise, because the will was void, the question *would necessarily arise, whether the will was ^ ^ inoperative or otherwise. L
 

 In both aspects, it was necessary for the receiver to file his bill to reach the trust-fund; and his right to do so could not be impaired, by the fact that the other questions arose incidentally in the action. The court were, therefore, wrong, in dismissing the bill, unless the debtor had no interest in the trust-fund which the creditor could reach.
 

 If the debtor’s interest was merely a life-estate, founded on the devise, still, I see no good reason, why it should not be subject to the plaintiff’s claim in this suit. In the first place, he had voluntarily relinquished the exemption which the statute gave him, and he had a right to do so. It was property exempt from liability to an equitable execution; he had a perfect right to waive the exemption, for it was a privilege personal to himself. And having done so, it is, in the next place, no concern of these defendants; the privilege belonged to him, not to them, and their cpnsent was in no respect necessary to enable him to make a valid waiver of it. With all that, they have nothing to do, and it is not competent for them to set up the defence, except simply for the purpose of inquiring whether there are parties enough to this suit, to enable them to be protected by the decree
 
 *190
 
 that may be made in it. That question I will hereafter consider. It is enough for me now to say, that the debtor’s interest, whatever it was, was not protected by the statute from the receiver’s claim, because that protection was personal to him and he has waived it, as he had a right to do.
 

 But I am of opinion, that the debtor has something more than a mere life-estate in the trust-fund. The will was. confessedly inoperative and void, and the grant of letters testamentary upon it was in fraud of the law. Still, it is claimed by the defendants, that the admission of the will to probate by the surrogate, was an adjudica- * 202 1 ^°n ^ a cour* *°f competent jurisdiction in -* favor of the validity of the will, and its validity cannot now and in this suit be questioned.
 

 The rule is well established, that the decision of a court of competent jurisdiction upon the same question, is binding and conclusive upon the parties to it and those claiming under them. And the question here is, whether the admission of this will to probate, was a decision that it was valid for all purposes. Upon this point, the ruling of the supreme court, at the special term, was, in my view, correct. The act of 1837 does, by necessary implication, control the provision of the. revised statutes, as to wills of personal estate, and leaves such wills open to be contested in an action at law, It is, in this suit, contested, and its validity is here most satisfactorily repelled by contrary proof. (Laws of 1837 c. 460, § 18; 2 R. S. 58, § 11.) The effect of these pro visions is, to remove the question of the validity of such a will from the operation of the- rule, and to limit the conclusiveness of the decision of the surrogate, admitting it to probate, to the simple question, whether letters testamentary or of administration shall be granted.
 

 These considerations then lead us to this result, that the will is absolutely void; that William Van Alstyne’s interest in the trust-fund is not merely a life-estate, held
 
 *191
 
 under and conferred by the will; that his interest, whatever it may be, is that of next of kin and by inheritance; that being held in trust for him, it is competent for a party having a valid claim to it, to seek the aid of this court to remove the incumbrance of that trust or to enforce its execution.
 

 It only remains to inquire, whether there are parties enough to this suit to make a valid decree. The grant of letters testamentary to Van Valkenburgh was valid and binding upon all parties, until revoked, or the order granting them was reversed; and his acts under them were consequently valid. In due course of administration, he divided the assets among the parties lawfully entitled to them, and in doing so, he set apart this $2000, as belonging to William P. Van Alstyne; he loaned it as William’s share, and Abraham received it as such, *and to secure its payment, gave his bond and „ .... g mortgage. By these acts, both these defendants *- are estopped from setting up that any other person is entitled to it, and from denying that it belongs to him, as against any administrator of the decedent’s estate. It is not, therefore, competent for them to set up the absence of such administration, as the want of a necessary party. Nor is William P. Van Alstyne a necessary party, for all his interest in the fund has been absolutely conveyed to this plaintiff. If, upon receiving the fund into his hands, this plaintiff should have an excess, belonging to the debtor, that can well be disposed of in the other suit, and no direction in that regard is necessary here.
 

 As to the interest on the mortgage, I think, the plaintiff has no claim. The agreement between the mortgagor and mortgagee on that subject was a valid one, and has been performed, and thereby the interest on the mortgage has been discharged by the support which has been afforded the
 
 cestui que trust.
 
 I am of opinion, that the decree of the supreme court dismissing the bill of
 
 *192
 
 complaint ought to be reversed, and instead of it, a decree entered declaring that William Van Alstyne is the absolute owner of the bond and mortgage and of the fund secured by it, and directing that it be assigned and delivered over to the plaintiff in this suit, in his capacity as receiver.
 

 Decree affirmed.